**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:20-cv-42-FDW-DSC**

| | |
|---|---|
| GREAT STAR INDUSTRIAL USA, LLC and HANGZHOU GREAT STAR INDUSTRIAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>APEX BRANDS, INC.,<br><br>Defendant. | |
| APEX BRANDS, INC. and APEX TOOL GROUP, LLC,<br><br>Counterclaimants,<br><br>v.<br><br>GREAT STAR INDUSTRIAL USA, LLC and HANGZHOU GREAT STAR INDUSTRIAL CO., LTD.,<br><br>Counterdefendants. | **STIPULATED (PROPOSED) PROTECTIVE ORDER** |

The parties agree that this matter is likely to involve the exchange of confidential documents and information, including trade secrets and confidential commercial information qualifying for protection under Fed. R. Civ. P. 26(c)(1). The parties therefore respectfully request that the Court enter the following protective order:

1. Counsel for any party or any third-party producer may designate any document or information contained in a document as confidential if counsel determines, in

good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."

2. Counsel for any party or any third-party producer may designate any document or information contained in a document as highly confidential if counsel determines, in good faith, that such designation is necessary due to the highly sensitive nature of the material such that disclosure of the information to persons other than those listed in paragraph 6 would create a substantial risk of economic injury that could not be avoided by less restrictive means. Information and documents designated by a party as highly confidential will be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER." "Confidential" or "Highly Confidential" information or documents may be referred to collectively as "confidential information."

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

a. The requesting party and counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court or the jury at trial or as exhibits to motions if filed under seal pursuant to paragraph 1(h) of the Case Management Order (Dkt. 23).

6. Information or documents designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person, except:

a. The requesting party's outside litigation counsel who have appeared in this action;

b. Employees of such outside counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by outside counsel;

d. Any person from whom testimony is taken or is to be taken if that person was the creator, sender, or a recipient of the information or

document, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

e. The Court or the jury at trial or as exhibits to motions if filed under seal pursuant to paragraph 1(h) of the Case Management Order (Dkt. 23).

7. Prior to disclosing or displaying the confidential information to any person, counsel shall:

a. Inform the person of the confidential nature of the information or documents; and

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and (d) and 6(c) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

9. The parties may designate deposition testimony as "Confidential" or "Highly Confidential" pursuant to Paragraphs 5 and 6 either (a) on the record at the deposition; or (b) after the deposition, by promptly (within 30 days after receipt of a final

transcript of the deposition) notifying the parties and any third-parties who were present at the deposition.

10. For the purpose of Paragraphs 5(e) and 6(d) it is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

11. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. However, counsel for the parties may retain copies of their work papers incorporating any such confidential information.

12. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed: ________________________
Frank D. Whitney
United States District Judge

Dated this 23rd day of April, 2020.


*/s/ Jason M. Sneed*
Jason M. Sneed (NC Bar No. 29593)
Megan E. Sneed (NC Bar No. 38525)
SNEED PLLC
445 S. Main St., Suite 400
Davidson, NC 28036
Tel: (844) 763-3347

*s/ Larry C. Jones*
Larry C. Jones (NC Bar No. 19357)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1019
Fax: (704) 444-1179

Email: JSneed@SneedLegal.com
MSneed@SneedLegal.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
David A. Jackson (Pro Hac Vice)
Michael McCue (Pro Hac Vice)
Warren Bleeker (Pro Hac Vice)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595
Tel.: 602-262-5311
Email: DJackson@lrrc.com
MMCue@lrrc.com
WBleeker@lrrc.com

*Attorneys for Defendants/Counterplaintiffs*

Larry.Jones@alston.com

Michael S. Connor (NC Bar No. 16152)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1022
Fax: (704) 444-1742
Mike.Connor@alston.com

Lauren R. Timmons (*Pro Hac Vice*)
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1115
Fax: (704) 444-1111
Lauren.Timmons@alston.com

*Attorneys for Plaintiffs/Counterdefendants*

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter *entitled Great Star Industrial USA, LLC, et al. v. Apex Brands, Inc. et. al*, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential or highly confidential, respectively, by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: ____________________

Signed in the presence of:

(Attorney)